**Gregory Ell SHEHEE, aka Gregory Shehee, Petitioner–Appellant,**

v.

**Leroy BACA, Respondent–Appellee.**

**No. 09–56130.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2014.

Filed Dec. 23, 2014.

Gregory Shehee, pro se.

Shirley S.N. Sun, Esquire, Los Angeles, CA, for Respondent–Appellee.

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Petitioner Gregory Shehee appeals the district court's judgment dismissing his application for habeas relief pursuant to the abstention principles established in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Bell v. City of Boise,* 709 F.3d 890, 897 (9th Cir.2013), we affirm.

The district court properly dismissed Petitioner's application for habeas relief. *Younger* abstention generally is appropriate when "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Dubinka v. Judges of Superior*

by Ninth Circuit Rule 36–3.

*Court,* 23 F.3d 218, 223 (9th Cir.1994) (internal quotation marks omitted). Where, as here, a petitioner seeks to adjudicate in federal·court the merits of a speedy trial claim before the state-court proceeding concludes, *Younger* abstention is proper "unless the petitioner [can] show that 'special circumstances' warrant[ ] federal intervention." *Carden v. Montana,* 626 F.2d 82, 83 (9th Cir.1980). At the time the district court dismissed Petitioner's application, his state commitment proceedings remained ongoing. No "special circumstances" existed to warrant departure from the *Younger* rule.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.